■ RITA HERZBERG, as Guardian ad Litem of MAXINE HERZBERG, an Infant, et al., Respondents, v. SAM CHIZZONITI, Appellant.— In an action to recover damages for injuries to person and property, arising out of the collision between two automobiles, the defendant appeals from an order of the Supreme Court, Nassau County, entered February 29, 1960, granting plaintiff's motion for summary judgment and directing an assessment of damages. Defendant claims that he went to sleep "all of a sudden" while operating his automobile eastbound on a public highway, and that as a consequence his vehicle crossed

over into the westbound lane where he struck plaintiff's vehicle and another vehicle. The defendant's explanation was that his drowsiness was a cumulative result of previously inhaling ether fumes at his place of employment during eight hours preceding the accident, and of driving with closed windows during a rainfall at the time of the occurrence. Defendant also claims that, under the circumstances prevailing at the time of the accident, the operator of the plaintiff's vehicle had ample time and distance in which to bring her vehicle to a complete stop and in a position which would have avoided the impact between the two vehicles. Order reversed, with $10 costs and disbursements, and motion for summary judgment denied. In our opinion, the issues of negligence and contributory negligence present triable issues of fact which may not be determined on a motion for summary judgment (*Vignola* v. *Britts*, 11 A D 2d 801). Issues of credibility may not be determined upon conflicting affidavits (*Di Donna* v. *Sachs*, 9 A D 2d 576). Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.